STEPHEN SZECSY, Respondent, v. CUSHMAN'S SONS, INC., and JACK HEASLIP, Appellants.— Order of the County Court of Westchester county, affirming a judgment of the City Court of White Plains in favor of the plaintiff and dismissing the defendants' appeal, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ.

TITLE GUARANTEE AND TRUST COMPANY, Respondent, v. CURRIE BUILDING CORP., REXON REALTY CORPORATION, and DAVID SILMAN, Appellants, and Others, Defendants.— In an action on a note and on a guaranty of another note, appeal by certain defendants from a judgment for the plaintiff, entered on a directed verdict. Judgment reversed on the law, so far as appeal is taken therefrom, and a new trial granted, with costs to appellants to abide the event. The trial court erroneously refused to permit appellants to submit evidence in support of their denials and defenses. We decide merely that such admissible evidence as appellants offered should have been received. Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.

## THIRD DEPARTMENT, APRIL, 1938.
### (April 27, 1938.)

JACOB RUEFFER and MARCO MASCIARILLI, Individually and on Behalf of All Others Similarly Situated, Respondents, v. DEPARTMENT OF AGRICULTURE AND MARKETS OF THE STATE OF NEW YORK, HORTON V. NOYES, as Commissioner of the Department of Agriculture and Markets of the State of New York, and Another, Appellants.—Motion by New York State Retail Solid Fuel Merchants Association, Inc., to intervene as *amicus curiæ* and to serve and file brief in support of appellants' appeal granted on condition that the brief be served and filed on or before May 9, 1938. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ. [166 Misc. 430.]

In the Matter of the Claim of FRANK J. LAPOINT, Respondent, against THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of compensation under the Workmen's Compensation Law. The accident happened at eight P. M. on October 31, 1932, while claimant was putting electric lights, known as yard markers, on engine numbered 2789 in the engine house at Ravena. This engine had been called for work in the yard and was to go out in the yard that night at twelve o'clock. The State Industrial Board has found that at the time of the accident engine numbered 2789 was out of interstate commerce, that it had been taken out of such commerce on October 5, 1932, for its regular quarterly inspection and repairs and had not been definitely reassigned to such service and that the repairs were not fully completed. It also found that the claimant was not engaged in interstate commerce or in any work so closely identified therewith as to be a part thereof. The appellant urged below and presses now that the State Industrial Board was without power to make the award under review because the State is exclusively controlled by the Federal Employers' Liability Act and that claimant was engaged in a Federal task when he sustained his injury. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.